United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| KAFI, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:20-cv-00354 |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Motion for Summary Judgment. Dkt. 87. After reviewing the summary judgment briefing and the applicable law, I recommend that Defendants' Motion for Summary Judgment be **GRANTED**.

## BACKGROUND

Kafi, Inc. ("Kafi") owns a residential property located at 810 Almond Pointe in League City, Texas (the "Property"). In this lawsuit, Kafi challenges the right of Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT3 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT3 ("Wells Fargo") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants") to foreclose on the Property.

To put the present controversy into context, we must go back to June 2006, when non-parties Joe and Kelly Richardson (the "Richardsons") purchased the Property. The Richardsons financed their purchase with a loan from Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon"). As security for the loan, the Richardsons executed an Adjustable Rate Note and a Deed of Trust (collectively, "the Loan").

In October 2006, Sand Canyon "transferred, assigned, sent over and otherwise conveyed" its interest in the Loan to Wells Fargo pursuant to a Pooling and Servicing Agreement. Dkt. 87-1 at 6; *see also* Dkt. 87-5 at 126. As part of the

transfer and assignment, Sand Canyon delivered to Wells Fargo the original Adjustable Rate Note indorsed in blank and the original Deed of Trust.

In January 2012, Sand Canyon recorded in the real property records of Galveston County, Texas a Corporate Assignment of Deed of Trust (the "Assignment"), which purported to assign the Deed of Trust, along with "all interests secured thereby, all liens, and any rights due or to become due thereon" to Wells Fargo. Dkt. 88-1 at 2. The Assignment was executed on behalf of Sand Canyon by Derrick White ("White"), as a Vice President of Sand Canyon, and notarized by Miranda Avila ("Avila"). Kafi contends that both White's and Avila's signatures were forged, rendering the Assignment void ab initio.

The Property has been noticed for sale on five separate occasions since 2008 (September 2, 2008; October 2, 2012; December 4, 2012; August 1, 2017; and May 5, 2020). For unknown reasons, none of those foreclosure sales ever occurred.

In January 2013, the Richardsons executed a loan modification agreement, effective February 1, 2013, with their loan servicer at the time. On March 1, 2013, Ocwen Loan Servicing, LLC—which is now PHH by merger—began servicing the the Loan. The Richardsons entered into additional loan modification agreements in March 2014, April 2015, September 2016, and June 2018. Beginning with the 2013 loan modification agreement and continuing to April 1, 2019, PHH accepted payments from the Richardsons in amounts less than the full amount due under the Adjustable Rate Note. Ultimately, the Richardsons became delinquent in the payment of the Adjustable Rate Note, failing to pay the amount due on April 1, 2019, and each monthly payment due after that date.

In September 2020, with the Loan still in default, Kafi purchased the Property "as-is" from the Richardsons by a general warranty deed, which provides, in relevant part:

> This conveyance is made subject-to any outstanding liens of record. Grantors understand that Grantee is in no way assuming or promising to pay any outstanding liens of record.

Dkt. 89-4 at 2–3.

Kafi originally filed this lawsuit in October 2020 in Texas state court. The case was removed to federal court on the basis of diversity jurisdiction. The live pleading is the Fourth Amended Complaint. *See* Dkt. 63. The four defendants named in this lawsuit are: Wells Fargo, PHH, Sand Canyon, and Nationwide Title Clearing, Inc. ("NTC"). Kafi brings the following causes of action in the Fourth Amended Complaint:

    i.      Declaratory Judgment for Lack of Standing to Foreclose against all Defendants;

    ii.     Quiet Title for Lack of Standing to Foreclose against all Defendants;

    iii.    Forgery against Sand Canyon and NTC;

    iv.    Alternatively, Declaratory Judgment for Violation of the Statute of Limitations to Foreclose against all Defendants;

    v.     Alternatively, Quiet Title for Violation of the Statute of Limitations to Foreclose against all Defendants;

    vi.    Alternatively, Equitable Right of Redemption against all Defendants.

Dkt. 63 at 3–4.

In March 2022, Defendants filed a Joint Motion to Dismiss [Kafi's] Fourth Amended Complaint. Dkt. 66. In a lengthy Memorandum and Recommendation, I recommended that Kafi's civil forgery and exemplary damages claims be dismissed, and Kafi's claims against Sand Canyon and NTC be dismissed. *See* Dkt. 72 at 25. I further recommended that all other relief requested be "denied without prejudice to re-urging at summary judgment." *Id.* Judge Jeffrey V. Brown adopted my Memorandum and Recommendation in full. *See* Dkt. 76.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a). "The summary judgment movant bears the burden of proving that no genuine issue of material fact exists." *Certain Underwriters at Lloyds, London v. Cox Operating*, 83 F.4th 998, 1002 (5th Cir. 2023). A fact issue "is material only if its resolution

could affect the outcome of the action." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 877 (5th Cir. 2003) (quotation omitted). When deciding whether a fact issue exists, I must review the evidence and draw all inferences in the light most favorable to the nonmoving party. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019).

## ANALYSIS

### A.    DECLARATORY JUDGMENT FOR LACK OF STANDING TO FORECLOSE

In the Fourth Amended Complaint, Kafi asserts that it is entitled to a declaratory judgment that Defendants lack standing to foreclose on the Property. Kafi specifically alleges that the Assignment is "void as a forgery" and "there is no complete and unbroken chain of assignments and transfers of the Loan," all of which renders the Deed of Trust "null and void and of no force and effect." Dkt. 63 at 10. In response, Defendants contend that Kafi's musings are nothing more than smoke and mirrors. As holder of the original Adjustable Rate Note, Wells Fargo argues that it has standing to foreclose, notwithstanding Kafi's salacious allegations of forgery.

Under Texas law, it is firmly entrenched that a party has standing to initiate a nonjudicial foreclosure sale if it is either (1) the mortgagee; or (2) holder of the note. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A holder is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). A bearer is "a person in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank." *Id.* § 1.201(b)(5). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Id.* § 3.205(b).

The summary judgment evidence in this case conclusively establishes that PHH, as servicer for Wells Fargo, has possession of the original Adjustable Rate Note. It is also undisputed that the Adjustable Rate Note was indorsed in blank by Sand Canyon. Wells Fargo is, therefore, the holder of the Adjustable Rate Note. Nobody takes issue with that basic premise.

The legal question I must address is whether, as Defendants insist, Wells Fargo has standing to foreclose on the Property as the holder of the Adjustable Rate Note, or, as Kafi claims, Well Fargo can only foreclose if it demonstrates that it is the owner of the Deed of Trust.

The Fifth Circuit's opinion in *SGK Properties, L.L.C. v. U.S. Bank National Ass'n*, 881 F.3d 933 (5th Cir. 2018) is dispositive. There, as here, the property owner challenged the ability of the legal holder of a promissory note to foreclose on a property, claiming that assignments of the Deed of Trust had been forged. *See id.* at 941–42. The Fifth Circuit began its discussion by noting that Texas "follows the common-law maxim that the mortgage follows the note." *Id.* at 942. Thus, "[e]ven if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument." *Id.* at 941. The Fifth Circuit further explained:

> Assuming without holding that any of the Deed assignments . . . to U.S. Bank were forgeries under Texas law . . . and acknowledging that a forgery makes a Deed assignment void, . . . **when the foreclosing party is the holder of the promissory note, any defects in the Deed assignment are irrelevant**. . . . **U.S. Bank was, as holder, entitled to foreclose on the property as holder of the note** *even if the assignment of the Deed of Trust was void.*

*Id.* at 942 (emphasis added).

The holding of *SGK Properties* is far from a lone wolf. At both the state and federal levels, courts applying Texas law have uniformly held that a holder of a promissory note is entitled to foreclose on a property even if there are questions about the chain of assignments as to the deed of trust. *See, e.g.*, *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331–32 (5th Cir. 2012)

("Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point. It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it."); *Antony v. United Midwest Sav. Bank*, No. H-15-1062, 2016 WL 914975, at *3 (S.D. Tex. Mar. 10, 2016) ("Even if the assignment of the Deed of Trust from MERS to Flagstar was void, the record shows that Flagstar was the holder of the Note at foreclosure and had standing to foreclose on that basis."); *Rodriguez v. Bank of Am., N.A.*, No. SA-12-cv-00905, 2013 WL 1773670, at *8 (W.D. Tex. Apr. 25, 2013) ("Even if the assignment of the Deed of Trust was void (rather than voidable), the documents central to Plaintiff's case suggest, and no factual allegations controvert, that Defendant would have authority to foreclose pursuant to the terms of the Deed of Trust because Defendant is the holder of the Note."); *Mendenhall v. Deutsche Bank Nat'l Tr. Co.*, No. 01-21-00103-CV, 2022 WL 17981836, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (holding that summary judgment evidence that "Deutsche Bank possessed the original Note . . . along with a copy of the Note reflecting that it was indorsed in blank . . . conclusively established that Deutsche Bank had standing to foreclose as the holder of the Note"); *Montoya v. AmCap Mortg., Ltd.*, No. 01-20-00799-CV, 2022 WL 3268535, at *6 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, pet. denied) (applying Texas law that "a party who owns or holds the note is entitled to foreclose on property even in the absence of a valid assignment"); *DHI Holdings, LP v. Deutsche Bank Nat'l Tr. Co.*, No. 05-21-00287-CV, 2022 WL 3030903, at *3 (Tex. App.—Dallas Aug. 1, 2022, pet. denied) (holding that Deutsche Bank demonstrated it had standing to foreclose as holder of the note because its summary judgment evidence "established that the Note was indorsed in blank by [the original lender] and that Deutsche Bank ha[d] possession of the original Note"); *EverBank, N.A.*, 499 S.W.3d at 541 ("[B]ecause the rule in Texas is that the

mortgage follows the note, EverBank would be entitled to foreclose on the property as holder of the note even if the assignment of the deed of trust was void.").

Faced with this onslaught of case law and backed into the proverbial corner, Kafi asks me to blissfully ignore the Fifth Circuit's *SGK Properties* decision. Kafi contends that *SGK Properties* conflicts with the Fifth Circuit's opinion in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), a case decided five years *before SGK Properties*. Kafi is mistaken.

In *SGK Properties*, the Fifth Circuit recognized that "Texas follows the common-law maxim that the mortgage follows the note." 881 F.3d at 942. Kafi asserts that *SGK Properties* was incorrectly decided because the Fifth Circuit in *Reinagel* had "overturned the old maxim in favor of the new maxim: that the note follows the deed of trust." Dkt. 92 at 17. *Reinagel* says no such thing and certainly does not stand for such a radical shift in Texas law.

In *Reinagel*, the plaintiffs obtained a home-equity loan from Argent Mortgage Company, LLC ("Argent"). *See* 735 F.3d at 222. A short time later, Argent sold the Reinagels' loan to Deutsche Bank National Trust Company ("Deutsche Bank"). *See id.* As part of the transfer, Argent executed two assignments. The first assignment signed only the deed of trust. *See id.* at 225. The second assignment assigned the deed of trust and the underlying promissory note. *See id.* After the Reinagels defaulted on the promissory note, Deutsche Bank sought a judicial order authorizing foreclosure. *See id.* at 223. The Reinagels challenged the foreclosure effort on the ground that Deutsche Bank lacked standing because the assignments were, for a variety of reasons, void. In examining the validity of the two assignments, the Fifth Circuit observed:

> Presumably, Deutsche Bank arranged the second conveyance because of the common-law rule that the assignment of a mortgage alone is a nullity, a rule based on the intuitive principle that a party seeking to foreclose must have the right to enforce the debt it seeks to satisfy. However, under the *Restatement (Third) of Property: Mortgages,* the transfer of a mortgage *presumptively* includes the note secured by the mortgage, whether or not the instrument of assignment expressly

7

references the note. Under the *Restatement's* approach, then, the first
assignment is itself sufficient to give Deutsche Bank authority to
foreclose, and the validity of the second assignment is irrelevant.
Texas courts tend to follow the *Restatement*; however, as they have
never expressly adopted its note-follows-the-mortgage presumption,
we examine the Reinagels' objections to both instruments.

*Id.* at 225–26. As Defendants correctly note, *Reinagel* dealt with the issue of
whether Texas courts would follow the Restatement's rule that an assignment of a
deed of trust impliedly assigns a promissory note. The Fifth Circuit did not
address—nor comment on—the common law principle that a mortgage follows a
promissory note.

Ultimately, the Fifth Circuit in *Reinagel* did not need to determine whether
the Texas Supreme Court would follow the Restatement's note-follows-the-
mortgage presumption. Because the Fifth Circuit held the second assignment to be
valid, it concluded that Deutsche Bank had the right to foreclose on the property.
*See id.* at 228. *Reinagel* does not, as Kafi suggests, represent a seismic shift in
Texas law by overturning the longstanding principle that the mortgage follows the
note. To the contrary, the Fifth Circuit explicitly noted that "[o]ur holding is a
narrow one: we merely reaffirm that under Texas law, facially valid assignments
cannot be challenged for want of authority except by the defrauded assignor." *Id.*

In short, I decline Kafi's invitation to turn a blind eye to *SGK Properties*, a
case that is on all fours with the matter presently before me. The Fifth Circuit spoke
loudly and clearly in *SGK Properties*: a holder of a promissory note can foreclose
on a property even if the assignment of the Deed of Trust was forged. *See SGK
Props., L.L.C.*, 881 F.3d at 942. I am not so presumptuous as to issue an opinion
that directly contradicts this binding Fifth Circuit precedent.

Kafi argues that even if Wells Fargo has standing to foreclose as a holder of
the note, I still should not grant summary judgment. Kafi is grasping at straws.
First, Kafi argues that "[i]f the assignment is void, Sand Canyon would still own
the deed of trust and as owner of the deed of trust, the note would still be with Sand

Canyon as well." Dkt. 92 at 20. As already explained, this argument is expressly foreclosed by the Fifth Circuit's opinion in *SGK Properties*. Second, Kafi asserts that "[t]he Assignment was also an attempt to assign the note and if the Assignment of the note is void, it raises genuine disputes of fact as to Wells Fargo's status as noteholder." *Id.* Once again, this contention is expressly precluded by *SGK Properties*. Third, Kafi asserts that the validity of the Assignment is somehow relevant because Wells Fargo became a holder of the note "*before* the attempt to assign the note in the Assignment." *Id.* This argument is misplaced. It makes no difference whether Wells Fargo became a holder of the note before or after the Assignment. As holder of the note, Wells Fargo has standing to foreclose. *See SGK Props., L.L.C.*, 881 F.3d at 942.

For these reasons, summary judgment is appropriate in favor of Defendants on Kafi's request for declaratory judgment for lack of standing to foreclose.

## B.   QUIET TITLE FOR LACK OF STANDING TO FORECLOSE

Kafi also seeks a quiet title claim against Defendants premised on the idea that they lack standing to foreclose on the Property.

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To prevail on a quiet title claim, Kafi must demonstrate "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). Kafi "has the burden of supplying the proof necessary to establish [its] superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

There is no genuine issue of material fact on the third element of Kafi's quiet title claim. Kafi is unable to demonstrate that Wells Fargo has an invalid or unenforceable claim to the Property. As discussed, Wells Fargo has a valid interest in the Property under settled Texas law because it is the legal holder of the note.

Accordingly, summary judgment should be granted in favor of Defendants on the quiet title claim for lack of standing to foreclose.

## C.   VIOLATION OF THE STATUTE OF LIMITATIONS TO FORECLOSE

Kafi brings declaratory judgment and quiet title claims based on the premise that "the limitations period [for foreclosure] has expired causing the Deed of Trust to become void and unenforceable." Dkt. 63 at 15.

Texas has a four-year statute of limitations for foreclosure actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). If a note or deed of trust secured by real property contains an optional acceleration clause, the start of the four-year window is triggered "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). After four years, "the real property lien and a power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM. CODE § 16.035(d).

Even when a noteholder has exercised its option to accelerate, the holder can abandon acceleration. "If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir. 2015); *see also Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) ("Abandonment of acceleration has the effect of restoring the contract to its original condition, thereby restoring the note's original maturity date for purposes of accrual." (quotation omitted)).

In the Fourth Amended Complaint, Kafi avers the note was accelerated in September and November of 2012 when notices of foreclosure sale were filed in the real property records and mailed to the Richardsons. *See* Dkt. 63 at 14. Because no foreclosure sale occurred within four years, Kafi maintains that Wells Fargo and PHH are barred from foreclosing on the Property.

The problem with Kafi's statute of limitations claim is that it conveniently ignores the fact that the Richardsons entered into loan modification agreements in

February 2013, March 2014, April 2015, September 2016, and June 2018. "It is well established that a loan modification agreement between the lender and borrower which obviates the default and contains a payment restructure to bring the debt current, especially in the absence of affirmative steps to foreclose, abandons an earlier acceleration and resets the limitations period." *Planet Home Lending, LLC v. Nunn*, No. 04-20-00309-CV, 2022 WL 14679495, at \*5 (Tex. App.—San Antonio Oct. 26, 2022, pet. denied); *see also In re Wenstrom*, 649 B.R. 492, 504 (Bankr. N.D. Tex. 2023) ("Federal district courts in Texas have repeatedly found that entry into a loan modification agreement constitutes abandonment of acceleration."). The loan modification agreements the Richardsons entered into had the effect of abandoning the 2012 acceleration and resetting the limitations period for foreclosure. Accordingly, Defendants have established an abandonment of the 2012 acceleration as a matter of law. Kafi is not entitled to a declaratory judgment that the statute of limitations has run on Wells Fargo's right to foreclose on the Property. Similarly, Kafi's quiet title claim premised on a lack of standing to foreclose also fails.

**D.   EQUITABLE REDEMPTION**

Last but not least, Kafi has pleaded, as an alternative ground, a right to equitable redemption. "The doctrine of equitable redemption allows a lienholder 'a reasonable time to cure default and require a reconveyance of the mortgaged property.'" *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, L.L.C.*, No. 5:15-cv-1103, 2016 WL 247727, at \*6 (W.D. Tex. Jan. 19, 2016) (quoting *Elbar Invs., Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at \* 3 (Tex. App.—Houston [14th Dist.] Sept. 3, 2003, pet. denied)). To prove entitlement to equitable redemption, Kafi must establish that: (1) it "has a legal or equitable interest in the property subject to the mortgage"; (2) it is ready, willing, and able to redeem the Property by paying off the amount of the liens to which the Property is subject; and (3) that the equity of redemption was asserted before a foreclosure sale occurred.

*Scott v. Dorothy B. Schneider Est. Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990 no writ).

At the motion to dismiss stage, Defendants insisted Kafi had failed to sufficiently plead its right to equitable redemption because Kafi did not allege that it had tendered all amounts due on the Adjustable Rate Note. I rejected that argument. "Although the cases on which [Defendants relied] correctly identif[ied] tender of the amount owed as a condition precedent to recovery of title," I held that "tender is not required in order to *state* a legally cognizable claim." *Kafi, Inc. v. Sand Canyon Corp.*, No. 3:20-cv-00354, 2022 WL 3084480, at *14 (S.D. Tex. Aug. 3, 2022) (quoting *Green for 2016 Wolf Tr. v. Bank of Am., N.A.*, No. CV H-17-0772, 2017 WL 1424332, at *2 (S.D. Tex. Apr. 20, 2017) (emphasis added)).[1] Because Kafi alleged that it had a net worth of $7 million and was ready, willing, and able to pay off any valid and subsisting liens in cash, I determined that Kafi's equitable redemption claim passed muster at the pleading stage. *See Kafi*, 2022 WL 3084480, at *14.

But we are now at the summary judgment phase of the case. Although Kafi successfully pleaded its right to equitable redemption, it must now present evidence sufficient to establish each element of its entitlement to equitable redemption. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986). "In order to prove that a party is ready, willing, and able to redeem a property, the party must show it made a tender of money in the redemption amount." *Kingman Holdings, LLC v. Ocwen Loan Servicing, LLC*, No. 3:17-cv-41, 2018 WL 3448556, at *3 (N.D. Tex. June 28, 2018) (quotation omitted). "[T]he tender requirement is a condition precedent to the plaintiffs' exercise of equitable rights or remedies." *Owens v. Bank of America, NA*, No. H-11-2552, 2012 WL 912721, at *3 (S.D. Tex. Mar. 16, 2012).

[1] If plaintiffs had to tender all amounts due on the underlying note to survive a motion to dismiss, "defendants could defeat equitable redemption claims at the pleading stage by simply withholding payoff information from plaintiffs." *Green for 2016 Wolf Tr.*, 2017 WL 1424332, at *2.

At the time the summary judgment motion was filed, Defendants noted that the payoff for the Loan was $426,472.82. In an effort to satisfy its summary judgment burden, Kafi submits a declaration from its sole shareholder stating that Kafi has the financial resources to make this payment and is "ready, able[,] or willing" to do so. Dkt. 92-14 at 1. This is not enough. To avoid summary judgment on an equitable redemption claim, a plaintiff must provide evidence that it has actually tendered the amount owed. *See, e.g., Suri Holdings, LLC v. Argent Mortg. Co.*, No. 4:19-cv-3844, 2021 WL 972888, at *2 (S.D. Tex. Feb. 8, 2021) ("The evidence is undisputed that Suri never tendered the amount owed Deutsche Bank even though it had sufficient opportunity to do so. Failing to tender the full amount due under the Note precludes any claim in equity."); *Kingman Holdings*, 2018 WL 3448556, at *3 ("In the absence of any evidence that Plaintiff tendered the amount due and owing on the Loan [after being provided with a payoff quote], Plaintiff cannot establish that it is entitled to exercise its equitable right of redemption."). Because Kafi has failed to present any evidence establishing that it has actually tendered the amount due on the Adjustable Rate Note, Defendants are entitled to summary judgment on Kafi's claim to an equitable right of redemption.

## CONCLUSION

For the reasons explained above, I recommend that Defendants' Motion for Summary Judgment (Dkt. 87) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 2nd day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE